JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4133 PA (MARx) | Date | June 24, 2022 |
|---|---|---|---|
| Title | Albert Beckham v. Loyola Marymount University | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS – COURT ORDER

Plaintiff Albert Beckham ("Plaintiff") has filed a Notice of Dismissal in which he has voluntarily dismissed his federal claim for violation of Title IX of the Education Amendments of 1972.

The Court has only supplemental jurisdiction over Plaintiff's remaining state law claim under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

The federal claim having been dismissed without prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles County Superior Court, Case No. 22STCV15948.

IT IS SO ORDERED.